**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1742**

TAMARA EPPERSON; JAMES EPPERSON; MASON N. EPPERSON; KYLE EPPERSON,

Plaintiffs - Appellees,

v.

DAN SMITH, The Sheriff of Patrick County; ROB COLEMAN, a lieutenant for Patrick County Sheriff Dan Smith,

Defendants - Appellants,

v.

BRIAN HUBBARD, an investigator for Patrick County Sheriff Dan Smith; DANNY MARTIN, an investigator for Patrick County Sheriff Dan Smith; TERRY MIKELS, an investigator for Patrick County Sheriff Dan Smith; STEPHANIE BRINEGAR-VIPPERMAN, The Commonwealth's Attorney for Patrick County; CALVIN L. COTTON PAYNE; VICKIE PAYNE,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:16-cv-00050-JLK-RSB)

Submitted: September 30, 2020                    Decided: November 10, 2020

Before NIEMEYER, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Jim H. Guynn, Jr., Julian F. Harf, GUYNN, WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellants. Melvin E. Williams, Meghan A. Strickler, MEL WILLIAMS PLC, Roanoke, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James and Tamara Epperson and their children filed an action, pursuant to 42 U.S.C. § 1983, for violation of their constitutional rights and state law after Patrick County, Virginia, law enforcement officers entered a property the Eppersons occupied, searched the premises, arrested James, handcuffed his son, and dispossessed the Eppersons of their home and personal belongings. As pertinent on appeal, the Eppersons specifically alleged that Dan Smith, the Sheriff for Patrick County, Virginia, and Lieutenant Rob Coleman (1) ordered officers to initiate the taking of the Eppersons' house and personal property without due process (Count 1), and (2) violated the Eppersons' right against unreasonable searches and seizures by directing officers to search the home and arrest any occupants (Count 2). Smith and Coleman moved for summary judgment, asserting that they were entitled to qualified immunity, but the district court partially denied their motion as to Count 1, with respect to the Eppersons' house, and Count 2.

Smith and Coleman appeal the denial of qualified immunity, raising three arguments. First, Smith and Coleman claim that the district court erroneously found that it was for a jury to determine who altered the Commonwealth Attorney's guidance and why, as there was no appreciable difference between the guidance received and the directives Smith and Coleman gave to the officers. Second, Smith and Coleman assert that it is a question of law, not one of fact, whether they made a reasonable mistake when instructing the officers because the qualified immunity determination depends on this finding. In their final argument, Smith and Coleman contend that it was not clearly

3

established under Virginia law that the Eppersons had a cognizable property interest in the home after it was sold at a foreclosure auction.

I

The Eppersons move to dismiss the appeal. The Eppersons argue that this court lacks jurisdiction to review Smith's and Coleman's arguments because they involve a disputed material fact, namely who altered the Commonwealth Attorney's advice and what was the purpose in doing so. We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). "[A] district court's order denying summary judgment based on qualified immunity [can be] immediately appeal[ed] under the collateral order doctrine." *Yates v. Terry*, 817 F.3d 877, 882 (4th Cir. 2016). But, not all orders denying claims for qualified immunity at the summary judgment stage are immediately appealable. *Id.* We have jurisdiction over an appeal from the denial of qualified immunity at the summary judgment stage only if that appeal "turns on an issue of law." *Id.* (emphasis and internal quotation marks omitted). Consequently, "when a district court denies a claim of qualified immunity based on the insufficiency of the facts then that determination is not immediately appealable." *Id.* (citing *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995)). Thus,

> We possess no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but we have jurisdiction over a claim that there was no violation of clearly established law accepting the facts as the district court viewed them.

4

*Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc); *see Cooper v. Sheehan*, 735 F.3d 153, 157 n.8 (4th Cir. 2013) ("As long as the appellants do not argue the sufficiency or validity of the facts on appeal, but rather . . . seek to apply clearly established law to a given set of facts, we are properly vested with jurisdiction."); *Iko v. Shreve*, 535 F.3d 225, 234-35 (4th Cir. 2008) (discussing analysis of qualified immunity on appeal).

Here, the district court made both findings of fact and conclusions of law. Factually, the court determined that summary judgment was inappropriate on Count 1, with respect to the Eppersons' house, and Count 2 because the evidence was unclear as to who altered the Commonwealth Attorney's advice and why. The court concluded, as a matter of law, that the rights protecting the Eppersons' interests were clearly established and that a jury would need to determine whether the alteration of the Commonwealth Attorney's advice was purposeful or a reasonable mistake. As such, we have jurisdiction to review those issues. Additionally, we lack jurisdiction to decide whether the alteration of the Commonwealth Attorney's advice was reasonable because such a determination would require us to resolve the threshold factual question of whether there was an appreciable difference between the advice received and the direction given before reaching a legal question of reasonableness. Accordingly, we grant in part the Eppersons' motion to dismiss Smith's and Coleman's interlocutory appeal as to the reasonableness of any alteration to Commonwealth Attorney's advice and deny in part the motion to dismiss with respect to Smith's and Coleman's due process and jury-question claims.

5

## II

Turning to Smith and Coleman's jury-question claim, "[w]e review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). A moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Smith and Coleman argue that the district court was obligated to determine whether any alteration of Commonwealth Attorney's advice was deliberate or a reasonable mistake, rather than reserving that question for the jury. However, determining who altered the pertinent advice and the person's purpose, or lack thereof, in doing so would require a factfinder to make credibility determinations and draw legitimate inferences from the facts presented. Furthermore, as the district court explained, the question of who altered the advice and why is outcome-determinative because the person who altered the advice would be entitled to qualified immunity if the alteration was a reasonable mistake. Accordingly, we affirm the court's order as it pertains to which matters are reserved for the jury.

## III

"To prevail on a procedural due process claim, [the Eppersons] must show (1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of

6

state action; and (3) that the procedures employed were constitutionally inadequate." *Accident, Inj. & Rehab., PC v. Azar*, 943 F.3d 195, 203 (4th Cir. 2019). The district court relied on *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990) ("conclud[ing] . . . that [respondent's] status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable"), to conclude that the Eppersons had a cognizable interest in their recently sold home. The court specifically reasoned that, when the Eppersons received permission from the new homeowner to remain in the home for an additional day, the Eppersons retained, to some extent, a property interest in the home.

This court has held, however, that courts determine the scope of a plaintiff's property interest not by reference to the Constitution, but by looking to other sources, such as state law. *Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 146 (4th Cir. 2018). The Eppersons' reasonable expectation of privacy in the home for Fourth Amendment purposes under *Olson* is therefore immaterial to the due process inquiry. We must look instead to Virginia law, which is inconsistent with the district court's ruling. *See McLaughlin v. Commonwealth,* 778 S.E.2d 529, 534 (Va. App. 2015) (a person "can have control and access to the premises without having a property interest in the house"). Indeed, "[o]nce the auctioneer's hammer falls and he signs a memorandum of sale, the [d]ebtor no longer possesses a legal or equitable interest in the property." *City of Roanoke v. Whitlow*, 410 B.R. 220, 224 (Bankr. W.D. Va. 2009). Even if the auction sale "fails due to the buyer's default or other cause, the owner's rights are in effect reinstated and become property of the [bankruptcy] estate, but if the sale closes, the debtor's rights are

irretrievably gone." *Id*. As the Eppersons' property rights were extinguished once their home was sold at the foreclosure auction, we conclude that their due process claim could not survive summary judgment. Accordingly, we vacate the district court's order with respect to the Eppersons' due process claim and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART,*
*VACATED IN PART, AND REMANDED*